# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-1197V
UNPUBLISHED

| | |
|---|---|
| KIMBERLY BENZ,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: May 26, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Gary A Butler, Massa Butler Giglione, Pittsburgh, PA, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On April 13, 2021, Kimberly Benz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on October 2, 2020. *See* Petition at ¶¶ 3, 25.  Petitioner further alleges the vaccine was administered within the United States, that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. *See* Petition at ¶¶ 4, 26-28. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 12, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

> [m]edical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services, have reviewed the petition and medical records filed in the case. It is respondent's position that petitioner has satisfied the criteria set forth in the Table, including the Qualifications and Aids to Interpretation for SIRVA. 42 C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10). Specifically, petitioner had no apparent history of pain, inflammation, or dysfunction of the affected shoulder prior to the vaccination that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccination; petitioner more likely than not suffered the onset of pain within 48 hours of vaccination; petitioner's pain and reduced ROM were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified that would explain petitioner's symptoms. 42 C.F.R. § 100.3(a), (c)(10); *see also* 42 U.S.C. § 300aa-13(a)(1)(B). Petitioner is therefore entitled to a presumption of vaccine causation. *See* 42 U.S.C. § 300aa-11(c)(1)(C)(i).

*Id.* at 6-7. Respondent further agrees that

> [w]ith respect to other statutory issues, the records show that the case was timely filed, 42 U.S.C. § 300aa-16(a)(2); that petitioner received the flu vaccine in the United States, 42 U.S.C. § 300aa-11(c)(1)(B)(i)(I); that the flu vaccine that petitioner received is set forth in the Table, 42 C.F.R. § 100.3(a)(I)-(II); *see also* 42 U.S.C. § 300aa-14(c); that petitioner's injury lasted for more than six months, 42 U.S.C. § 300aa-11(c)(1)(D)(i); and that petitioner has not filed a prior action or received any prior compensation or award for an injury related to this vaccine. 42 U.S.C. § 300aa-11(c)(1)(E). Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act.

*Id.* at 7.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
